IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL GARCIA,<br><br>Plaintiff,<br><br>v.<br><br>WARDEN, FCI TERMINAL ISLAND,<br><br>Defendant. | NO. CV-25-08928-SRM (AGR)<br><br>**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED** |

Plaintiff, who is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody ("Petition") pursuant to 28 U.S.C. § 2241. (Dkt. No. 1)[1] For the reasons set forth below, Petitioner is ordered to show cause, in writing, on or before **November 6, 2025**, why the Court should not dismiss the Petition for lack of jurisdiction.

---

[1] Page citations are to the page numbers assigned by the CM/ECF in the header of the document.

1

# I.

# **PROCEDURAL BACKGROUND**

The court takes judicial notice of Petitioner's criminal case in *United States v. Joel Garcia*, SA-11-CR-873 XR (W.D. Tex.). Fed. R. Evid. 201.

On January 8, 2013, the Court in the Western District of Texas accepted Petitioner's guilty plea. (*Id.*, Dkt. No. 62.) On August 2, 2013, Judgment was entered on the docket. According to the Judgment, Petitioner pled guilty to Count 1 of the Indictment for violations of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A) (conspiracy to possess with intent to distribute cocaine). Relevant here, Petitioner was sentenced to a term of imprisonment of 144 months followed by a five-year term of supervised release. (*Id.*, Dkt. No. 85.) On May 15, 2015, the Court entered an order granting a motion for sentence reduction and reduced the term of imprisonment to 120 months, with all other provisions of the Judgment remaining in effect. (*Id.*, Dkt. Nos. 98-99.)

On July 21, 2025, Petitioner filed, *pro se*, a motion for reduction of sentence. In summary, Petitioner requested a two-point reduction as a zero point offender under Amendment 821, U.S.S.G. § 4C.1.1. (*Id.*, Dkt. No. 102.)

The Court denied the motion by Order filed August 19, 2025. (*Id.*, Dkt. No. 103.) "Defendant is not eligible under Part A of Amendment 821 because status points were not assessed in this case. [¶] Defendant is not eligible under Part B of Amendment 821 because Defendant received an adjustment under § 3B1.1 (Aggravating Role). USSG § 4C1.1(a)(10)." (*Id.*, Dkt. No. 103.)

On September 19, 2025, Petitioner filed, *pro se*, a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (*Id.*, Dkt. No. 104.) On September 30, 2025, the Court issued an order to show cause why the motion should not be dismissed as time barred. (*Id.*, Dkt. No. 105.)

Meanwhile, on September 14, 2025, Petitioner signed and constructively filed a Petition in this court under 28 U.S.C. § 2241. The Petition acknowledges the recent filing of a § 2255 motion in the Western District of Texas and states

that the § 2241 petition "is my only valid relief if 2255 turned down." (Dkt. No. 1 at 4.) The Petition asserts four grounds for relief.[2] Ground One and part of Ground Three allege that Petitioner incorrectly received a 12-level enhancement for conspiracy. Ground Two and part of Ground Three allege that Petitioner incorrectly received an aggravating role adjustment as manager or supervisor, presumably under USSG § 3B1.1. Ground Four alleges ineffective assistance of counsel based on counsel's refusal to file an appeal raising these issues. (Dkt. No. 1 at 6-7.)

## II.
## ORDER TO SHOW CAUSE

"[A] federal prisoner who collaterally attacks his sentence ordinarily must proceed by a motion in the sentencing court under § 2255, rather than by a petition for a writ of habeas corpus under § 2241." *Jones v. Hendrix*, 599 U.S. 465, 469 (2023); *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006); *see* 28 U.S.C. § 2255(e).

The "escape hatch" exception permits a federal prisoner to file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence only when a § 2255 motion "'is inadequate or ineffective to test the legality of his detention.'" *Jones*, 599 U.S. at 469 (quoting 28 U.S.C. § 2255(e)). This court has jurisdiction only if Petitioner's challenge to the legality of his sentence is properly brought under § 2241. A motion under § 2255 must be brought in the sentencing court, which is the Western District of Texas. *See Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000).

The "escape hatch" exception does not apply merely because a § 2255 motion is barred by the statute of limitations. *See Jones*, 599 U.S. at 470 (limitation on second or successive motions does not render § 2255 motion inadequate or ineffective). The Ninth Circuit has held that a remedy under § 2255 is inadequate or ineffective when the federal prisoner "'(1) makes a claim of actual

---

[2] The Petition does not attach the Court's sentencing calculation and reasoning in the Western District of Texas.

3

innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'" *Allen v. Ives*, 950 F.3d 1184, 1188 (9th Cir. 2020) (citations omitted).

For purposes of actual innocence, a petitioner must show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Allen*, 950 F.3d at 1188 (applying *Bousley* in § 2241 context). Petitioner does not allege or show that he is actually innocent. Rather, the Petition challenges the sentencing court's application of sentencing guidelines. *See Marrero v. Ives*, 682 F.3d 1190, 1195 (9th Cir. 2012) (legal argument that petitioner was wrongly classified as career offender in applying sentencing guidelines was not sufficient for claim of actual innocence); *compare Allen*, 950 F.3d at 1188 (petitioner claiming actual innocence of qualifying crime for career offender status could proceed under § 2241).

In determining whether Petitioner had an unobstructed procedural shot to pursue his claim, the court examines "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." *Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008). As discussed above, Petitioner's criminal judgment was entered on the docket on August 2, 2013. Petitioner did not appeal and did not file a first § 2255 motion until September 19, 2025 in the sentencing court. In the Petition before this court, Grounds One, Two and Three are based on legal arguments regarding application of sentencing guidelines to Petitioner's convictions that existed at the time of sentencing and entry of judgment. Ground Four is based on ineffective assistance of counsel in allegedly refusing to file an appeal. Given that a notice of appeal in a criminal case must be filed within 14 days after entry of judgment, Fed. R. App. P. 4(b), the legal basis for Ground Four existed well within the time for filing a first § 2255 motion after entry of judgment or any other applicable date.

1 | 28 U.S.C. § 2255(f).³  Petitioner has not shown that he did not have an
2 | unobstructed procedural shot at presenting his claims.
3 |       Accordingly, IT IS ORDERED that Plaintiff show cause in writing, on or
4 | before **November 6, 2025**, why this action should not be dismissed for lack of
5 | jurisdiction.  Plaintiff is hereby notified that, if he does not file a response to this
6 | order to show cause, this case is subject to dismissal for lack of jurisdiction.

DATED: October 6, 2025

                                  ALICIA G. ROSENBERG
                                United States Magistrate Judge

---

[3] The one-year statute of limitation in § 2255(f) runs from the latest of "(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2255(f).