UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOEL GARCIA,

                    Petitioner,

       v.

WARDEN, FCI TERMINAL ISLAND,

                    Respondent.

Case No. 2:25-cv-08928-SRM-AGR

**ORDER OF DISMISSAL**

## I. PROCEDURAL HISTORY

On September 14, 2025, Petitioner Joel Garcia ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody Under 28 U.S.C. § 2241 ("Petition"). Dkt. 1. Petitioner did not pay the filing fee or file a request to proceed without prepayment of the filing fee.

On October 6, 2025, the Magistrate Judge issued an Order to Show Cause ("OSC") in writing, on or before November 6, 2025, why this action should not be dismissed without prejudice based upon lack of jurisdiction. Dkt. No. 4. Petitioner was warned that if he failed to file a timely response to the OSC, the Petition would be subject to dismissal for lack of jurisdiction. *Id.* at 5.

Petitioner did not file a response to the OSC or request an extension of time to do so. The Court accepts the analysis in the OSC.

## II.   SUMMARY OF PROCEEDINGS

The Court takes judicial notice under Federal Rule of Civil Evidence 201 of Petitioner's criminal case in *United States v. Joel Garcia*, 5:11-CR-873 XR (W.D. Tex.).

On January 8, 2013, the District Court in the Western District of Texas accepted Petitioner's guilty plea. *Id.* (Dkt. No. 62). Judgment was entered on August 2, 2013. According to the Judgment, Petitioner pled guilty to Count 1 of the Indictment for violations of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A) (conspiracy to possess with intent to distribute cocaine). Petitioner was sentenced to a term of imprisonment of 144 months followed by a five-year term of supervised release. *Id.* (Dkt. 85). On May 15, 2015, the District Court entered an order granting a motion for sentence reduction and reduced the term of imprisonment to 120 months, with all other provisions of the Judgment remaining in effect. *Id.* (Dkts. 98–99).

On July 21, 2025, Petitioner, on his own, filed a motion for reduction of sentence in his criminal case. In summary, Petitioner requested a two-point reduction as a zero-point offender under Amendment 821, U.S.S.G. § 4C.1.1. *Id.* (Dkt. 102).

The District Court denied the motion on August 19, 2025. *Id.* (Dkt. No. 103). The District Court explained that "[Petitioner] is not eligible under Part A of Amendment 821 because status points were not assessed in this case. [¶] [Petitioner] is not eligible under Part B of Amendment 821 because [he] received an adjustment under § 3B1.1 (Aggravating Role). USSG § 4C1.1(a)(10)." *Id.* (Dkt. 103).

On September 19, 2025, Petitioner, on his own, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *Id.* (Dkt. 104). On September 30, 2025, the District Court issued an order to show cause why the motion should not be dismissed as time barred. *Id.* (Dkt. No. 105). Petitioner filed a response. *Id.* (Dkt. No. 106).

Meanwhile, on September 14, 2025, Petitioner signed and constructively filed in this Court this Petition under 28 U.S.C. § 2241. *See* Dkt. 1. The Petition acknowledges

-2-

the filing of a § 2255 motion in the Western District of Texas and states that the § 2241 petition "is my only valid relief if 2255 turned down." Dkt. 1 at 4. The Petition asserts four grounds for relief.[1] Petitioner alleges that he incorrectly received an aggravating role adjustment as manager or supervisor. Petitioner also alleges ineffective assistance of counsel.

On December 5, 2025, the District Court in the Western District of Texas dismissed the § 2255 motion with prejudice as time barred and denied a certificate of appealability. *United States v. Joel Garcia*, 5:11-CR-873 XR (W.D. Tex.) (Dkts. 107–108).

### III.    DISCUSSION

"[A] federal prisoner who collaterally attacks his sentence ordinarily must proceed by a motion in the sentencing court under § 2255, rather than by a petition for writ of habeas corpus under § 2241." *Jones v. Hendrix*, 599 U.S. 465, 469 (2023); *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006); *see* 28 U.S.C. § 2255(e). A federal prisoner may not substitute a § 2241 petition for a § 2255 motion. *See Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001) ("Merely labeling a section 2255 motion as a section 2241 petition does not overcome the bar against successive section 2255 motions").

The "instead of escape hatch" exception permits a federal prisoner to file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence only when a § 2255 motion "'is inadequate or ineffective to test the legality of his detention.'" *Jones*, 599 U.S. at 469 (quoting 28 U.S.C. 2255(e)). This Court has jurisdiction only if Petitioner's challenge to the legality of his sentence is properly brought under § 2241. A motion under § 2255 must be brought in the sentencing court, which is the Western District of Texas. *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000).

---

[1] The Petition does not attach the Court's sentencing calculation and reasoning in the Western District of Texas.

The "instead of escape hatch" does not apply merely because a § 2255 motion is time barred. *See Jones*, 599 U.S. at 470 (limitation on second or successive motions does not render § 2255 motion inadequate or ineffective). To show that a § 2255 motion is inadequate or ineffective, "the prisoner typically must show (1) actual innocence, and (2) that he 'has not had an unobstructed procedural shot at presenting' his challenge." *Pavulak v. Blanckensee*, 14 F.4th 895, 897 (9th Cir. 2021) (per curiam) (citation omitted). "To determine whether a petitioner has not had an unobstructed procedural shot, we look to: '(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion.'" *Id.* (citation omitted).

Petitioner did not respond to the OSC. Petitioner did not appeal his conviction and sentence and filed his first § 2255 motion based on legal arguments regarding application of the sentencing guidelines that existed at the time of sentencing and entry of judgment. Ground Four is based on ineffective assistance of counsel in allegedly refusing to file an appeal. Given that a notice of appeal must be filed within 14 days after entry of judgment, Fed. R. App. P. 4(b), the legal basis for Ground Four existed well within the time for filing a first § 2255 motion after entry of judgment or any other applicable date. 28 U.S.C. § 2255(f).[2] Therefore, Petitioner cannot show that he did not have an unobstructed procedural shot at presenting his grounds for relief. *Pavulak*, 14 F.4th at 897 (rejecting extension of *Martinez v. Ryan*, 566 U.S. 1 (2012) to § 2241 petitions).

---

[2] The one-year statute of limitations in § 2255(f) runs from the latest of "(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f).

-4-

## IV.   CONCLUSION

For the above reasons, the Petition is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: February 12, 2026

HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE